[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, Thomas Powell, appeals from his conviction for domestic violence, a misdemeanor of the first degree, in violation of R.C. 2919.25(A). In his two assignments of error, Powell contends that his conviction was based upon insufficient evidence and was contrary to the weight of the evidence. We disagree.
The victim of the alleged domestic violence, Powell's fiancé, Laurie McCarter, with whom he was living, refused to testify concerning the incident. When called as a witness by Powell, she asserted her Fifth Amendment privilege against self-incrimination and refused to answer questions concerning the altercation. The trial court did not question McCarter concerning the basis of her assertion of the privilege, nor did the state object, having apparently decided not to offer McCarter either use or transactional immunity. The arresting officer, however, testified that he spoke to McCarter when called to the scene, and, while appearing very upset, McCarter described how Powell had struck her on the side of the face and had his hands around her throat. This testimony was admitted, over objection, under the excited-utterance exception to the rule against hearsay. Evid.R. 803(2). The court's evidentiary ruling has not been made an issue in this appeal.
The arresting officer also described seeing a bruised bump on McCarter's forehead, red "fingerprint" marks on her neck, and a scratch on her left leg. Powell testified that McCarter flew into a jealous rage over an old girlfriend and attacked him while he was driving. He testified that all he did was to try to defend himself as McCarter repeatedly struck at him. According to Powell, he tried to block McCarter's blows and to hold her down, but never struck or choked her.
Based upon our review of the record, we hold that there was clearly sufficient evidence upon which to convict Powell of domestic violence. Powell's version of events was inconsistent with the wounds visible on McCarter, and her statement to the arresting officer was sufficient to establish that Powell had struck and choked her, though he denied doing so. Given the apparent falsehood of Powell's testimony, the trial court was free to reject his assertion of self-defense. Accordingly, we cannot say that the trial court either lost its way or committed a manifest miscarriage of justice when it convicted him of domestic violence. Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and WINKLER, JJ.